# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:10-cv-130

| | |
|---|---|
| THOMASVILLE FURNITURE INDUSTRIES, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **Memorandum and Order** |
| BRUCE THOMAS d/b/a THOMASVILLE DESIGNS | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. #11) filed December 6, 2010. Having considered the Complaint on file in this action, and having reviewed Plaintiff's Motion and supporting Brief, pursuant to Federal Rule of Civil Procedure 55(b), this Court hereby finds as follows:

1. Plaintiff Thomasville Furniture Industries, Inc. ("Thomasville") is a corporation organized and existing under the laws of Delaware with its principal place of business in St. Louis, Missouri.

2. Defendant Bruce Thomas ("Defendant") is an individual residing in Lincolnton, North Carolina and doing business as Thomasville Designs.

3. Thomasville is the owner-of-record of various trademark registrations on the Principal Register of the United States Patent and Trademark Office ("USPTO") for the mark THOMASVILLE, including U.S. Reg. No. 1,151,730 for the mark THOMASVILLE in connection with "household furniture" and U.S. Reg. No. 1,741,957 for the mark THOMASVILLE HOME FURNISHINGS in connection with "retail furniture store services" (collectively the

"THOMASVILLE Marks"). Thomasville has filed affidavits under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and each of the above-detailed registrations is incontestable.

4. On September 8, 2010, Thomasville filed its Complaint in the instant action claiming, *inter alia*, that Defendant is passing off furniture as genuine "Thomasville" furniture, has sold furniture designated as "Thomasville" out of a truck marked "Thomasville Designs," and has held himself out to the public as an authorized representative of Thomasville, when, in fact, his furniture is not manufactured or authorized by Thomasville and Defendant is not connected or affiliated with Thomasville in any way.

5. The Court issued a summons to Defendant on September 9, 2010 and Defendant was served on October 2, 2010. No responsive pleading has been filed or served on behalf of Defendant. On November 5, 2010, the Clerk entered default judgment against Defendant.

6. The Court has jurisdiction over the subject matter of this action and over Defendant, and venue in this action is proper in this judicial district.

## CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Thomasville's Motion for Default Judgment (Doc. #11) is **GRANTED.**
2. Judgment is hereby entered against Defendant as to each of the claims asserted by Thomasville against him.
3. Defendant, his affiliates, officers, agents, servants, employees, attorneys and those persons in active concert or participation with Defendant, are permanently restrained and enjoined from using "Thomasville" as a trademark or as part of any trademark, trade name or other source-designator for their goods or services. This injunction prohibits Defendant from, without limitation:

A.  Lettering trailers or trucks from which he sells his furniture with "Thomasville;"

B.  Holding himself out to the public as an authorized representative or Thomasville furniture;

C.  Representing that he sells "Thomasville" furniture or furniture "from Thomasville;"

D.  Stamping furniture with "Thomasville" or any other name or mark confusingly similar to "Thomasville;" and

E.  Using "Thomasville" as a trade name on trucks, telephone directory listings, web listings, logos, business forms, stationery, business cards, uniforms, product literature, or as source-designator on furniture, labels, tags, or displays associated with the sale of furniture.

4.  Thomasville shall be entitled to an award of costs of this action, including reasonable attorneys' fees. Thomasville shall file evidence to support the amount of this award within thirty (30) days after entry of this Order.

5.  The court shall have continuing jurisdiction to enforce the provisions of the permanent injunction entered herein.

Signed: August 2, 2011

Richard L. Voorhees
United States District Judge